UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| CARRIE HALL, | ) |
| | ) |
| Plaintiff/Petitioner, | ) |
| | ) |
| v. | ) NO. 7:23-CV-00084-DCR-MAS |
| | ) |
| COMMONWEALTH OF KENTUCKY, | ) |
| | ) |
| Defendant/Respondent. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff/Petitioner Carrie Hall ("Hall") petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 on October 18, 2023. [DE 1]. The Court now conducts a preliminary review of Hall's petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that a federal district court should conduct a preliminary review before serving a respondent with a copy of a petition and requiring a response.

For the reasons stated below, the Court recommends that the District Court dismiss Hall's petition without prejudice as unexhausted. *See* Rule 4, Rules Governing Section 2254 Cases in United States District Courts; *see also Rhines v. Weber*, 544 U.S. 269, 274, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (noting that a district court should dismiss unexhausted claims in a petition without prejudice).

## I.    BACKGROUND

Hall filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on October 18, 2023 in the Western District of Kentucky. [DE 1]. Pursuant to 28 U.S.C. § 1404(a) and Local Rule 3.2(f), Judge Joseph H. McKinley ordered that Hall's action be transferred to the Eastern District of Kentucky, Southern Division at Pikeville, as it is the proper venue for Hall's action. [DE 3].

The petition indicates that Hall pled guilty to several sex-related offenses, witness tampering, and bribery in Letcher Circuit Court. [DE 1, PageID# 1]. Reviewing the Letcher Circuit Court docket sheet on CourtNet 2.0 reveals that the court entered its judgment on June 7, 2023. *Commonwealth v. Hall*, No. 20-CR-00319 (Letcher Cir. Ct. June 7, 2023).[1] Construing Hall's claims leniently, she alleges that she was forced to enter a guilty plea because several errors would have prevented her from receiving a fair trial: (1) false information was aired in local media and to the Commonwealth's office; (2) the trial court denied several pretrial motions that would have lead to the empanelment of a biased jury; (3) the trial court rejected the offer obtained through criminal mediation because "community wouldn't be satisfied"; and (4) trial was significantly delayed due to the Commonwealth attorney's hospitalization. [DE 1, PageID# 5–10].

---

[1] The Court takes judicial notice of this Kentucky trial court case docket. *See Chase v. Macauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020) (taking judicial notice of information from another court's website in a § 2254 case) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")).

## II. ANALYSIS

Hall concedes that she has neither appealed the Letcher Circuit Court's judgment nor sought any relief through the Kentucky courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all available state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process[.]"); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state system, including the state court of last resort." *Hafley*, 902 F.2d at 482.

For a claim to be properly exhausted, it must have been "fairly presented" to the state court, including presenting the claim to the state's highest court. *Id.* at 483. "Fair presentation [of 2254 claims] requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner*, 581 F.3d at 414–15. "A federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider." *Id.* at 415. Here, it is evident on the face of Hall's petition that she has not attempted to assert her claims at the state court level

by filing an appeal or seeking relief under Kentucky Rule of Criminal Procedure 11.42[2] or Kentucky Civil Rule 60.02.[3]

District courts are permitted to consider *sua sponte* the procedural deficiencies of a state prisoner's habeas petition so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition. *See Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A preliminary review of Hall's petition reveals she has yet to raise her claims on appeal or otherwise in state court, rendering her claims unexhausted. Thus, Hall's § 2254 petition should be dismissed without prejudice based on her failure to exhaust her state remedies. Because this is not an adjudication on the merits of Hall's claims, if Hall files a § 2254 in the future, it should not be considered a "second or successive" petition. *Slack v. McDaniel*, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) ("A habeas petition filed in the district court after an initial habeas petition

---

[2] A motion brought under Kentucky Rule of Criminal Procedure 11.42 "is limited to issues that were not and could not be raised on direct appeal." *Deloach v. Commonwealth*, No. 08-CA-2202-MR, 2010 Ky. App. Unpub. LEXIS 517, 2010 WL 2539768, at *1 (Ky. Ct. App. June 25, 2010) (quoting *Sanborn v. Commonwealth*, 975 S.W.2d 905, 909, 45 7 Ky. L. Summary 17 (Ky. 1998) (overruled on other grounds by *Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009)).

[3] Civil Rule 60.02 is intended to provide relief "based upon claims of error that 'were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court.'" *Barnett v. Commonwealth*, 979 S.W.2d 98, 101, 45 12 Ky. L. Summary 13 (Ky. 1998) (quoting *Young v. Edward Technology Group, Inc.*, 918 S.W.2d 229, 231, 42 05 Ky. L. Summary 14 (Ky. Ct. App. 1995)).

was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

## III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a § 2254 petition is dismissed on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, Hall's § 2254 petition should be dismissed because she admits she has not yet exhausted her state remedies, and no reasonable jurist would debate that her claims are unexhausted.

## IV.  RECOMMENDATION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and the Court being otherwise sufficiently advised,

The Court **RECOMMENDS** that the District Judge **DISMISS** the petition [DE 1] **WITHOUT PREJUDICE** and **DENY** a certificate of appealability. Within fourteen (14) days after being served with a copy of this decision, the parties may serve and file objections to the findings and recommendations herein for *de novo* determination by the District Court. 28 U.S.C. § 636(b)(1). Failure to make timely objections will normally result in waiver of further appeal to or review by the District

Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150-51, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

Entered this 31st of October, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY