UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| CARRIE HALL, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 7: 23-084-DCR |
| V. | ) ) | |
| COMMONWEALTH OF KENTUCKY, | ) ) | **MEMORANDUM ORDER** |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 18, 2023, Carrie Hall petitioned for a writ of habeas corpus in the Western District of Kentucky under 28 U.S.C. § 2254. [Record No. 1] However, Senior District Judge Joseph H. McKinley, Jr., transferred the matter to the Eastern District of Kentucky, Southern Division at Pikeville, pursuant to 28 U.S.C. § 1404(a) and Local Rule 3.2(f). [Record No. 3]

Hall was convicted in Letcher Circuit Court after pleading guilty to several sex-related offenses, witness tampering, and bribery. [Record No. 1] She received a 6-year prison sentence on June 7, 2023. [*Id.*] Hall's petition, construed liberally, alleges that she entered a guilty plea because she feared she would not receive a fair trial for several reasons, including: (1) false information was aired in local media and to the Commonwealth's office; (2) the trial court denied several pretrial motions, which would have led to the empanelment of a biased jury; (3) the trial court rejected the offer obtained through criminal mediation because "community wouldn't be satisfied"; and (4) the trial was significantly delayed due to the Commonwealth attorney's repeated illness and hospitalization. [*Id.*]

The matter was referred to United States Magistrate Judge Matthew A. Stinnett for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stinnett issued a Report and Recommendation on October 31, 2023, recommending that Hall's petition be dismissed, without prejudice, and that no certificate of appealability be issued. [Record No. 7]

While this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, Hall has failed to file objections to the Report and Recommendation.

Nevertheless, the Court has conducted a *de novo* review of the matter and agrees that Hall's petition should be dismissed without prejudice because she concedes that she has not yet exhausted all available state remedies. [Record No. 1]; *See* 28 U.S.C. § 2254(b); *Johnson v. Bauman*, 27 F.4th 384, 387 (6th Cir. 2022) ("[E]xhaustion 'is a threshold question that must be resolved before' a court may grant habeas relief . . . ." (quoting *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009))).

Because no reasonable jurist would debate that Hall's claims are unexhausted, the undersigned agrees that no certificate of appealability should issue. Accordingly, it is hereby

**ORDERED** as follows:

1. The United States Magistrate Judge Matthew A. Stinnett's Report and Recommendation [Record No. 7] is **ADOPTED** in full and **INCORPORATED** herein.

2. Petitioner Hall's petition for a writ of habeas corpus is **DISMISSED**, without prejudice, and **STRICKEN** from the docket.

3.     A certificate of appealability will not issue.

Dated: November 21, 2023.

                      Danny C. Reeves, Chief Judge
                      United States District Court
                      Eastern District of Kentucky